IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 0 5 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

TERRELL MCQUEEN,

                      Plaintiff,

            -against-

THE CITY OF NEW YORK, POLICE OFFICER
DONALD BROWN (SHIELD NO. 15026), POLICE
OFFICER JOHN DOE 1-2.

                      Defendants.

----------------------------------------------------------------- x

**CV 11-0061**

**COMPLAINT**

**Jury Trial Demanded**

**MAUSKOPF, J.**

**POLLAK, M.J**

## PRELIMINARY STATEMENT

1. This is a civil rights action, alleging that the City of New York and several New York City Police Officers violated plaintiff's rights under 42 U.S.C. § 1983, the Fourth and Six Amendments to the United States Constitution. Specifically, plaintiff alleges that, on September 10, 2010, defendants falsely arrested him, used excessive force and made false allegations about him to the Kings County District Attorney's Office. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

4. Plaintiff is a resident of the State of New York who lives in Brooklyn.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Donald Brown and John Doe 1-2 are members of the New York City Police Department who were acting under color of state law and in their capacities as City law enforcement officers at all relevant times. Brown and the Does are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

7. On September 10, 2010, at approximately 11:53 p.m. in the vicinity of 916 Gates Avenue in Brooklyn, plaintiff was walking home when he was approacehed by defendant officers.

8. The officers began questioning plaintiff and requesting identification.

9. When plaintiff informed the officers that he had nothing wrong and simply wished to continue walking, he was roughly thrown up against a wall and searched.

10. When plaintiff verbally objected to this search, he was arrested and placed in extremely tight handcuffs. Plaintiff was then transported to the 81st Precinct for arrest processing.

11. Plaintiff's designated "arresting officer" was Donald Brown. At the precinct, plaintiff was forced to strip off his clothing and expose his most intimate areas.

12. While plaintiff was incarcerated in the precinct, Brown, pursuant to a conspiracy with other officers involved in plaintiff's arrest, prepared police reports which falsely stated that plaintiff had committed the crime of disorderly conduct.

13. Later that afternoon, plaintiff was transported to Brooklyn Central Booking.

14. While plaintiff was confined in Central Booking, Donald Brown conveyed false information to prosecutors in order to have plaintiff prosecuted.

15. On September 11, 2010 at approximately 9:00 p.m., plaintiff was arraigned by a criminal court judge and received an ACD.

16. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, and humiliation. Further, plaintiff experienced pain, numbness, and bruising from the excessively tight handcuffs.

### FIRST CLAIM
### (FALSE ARREST)

17. Plaintiff repeats the foregoing allegations.

18. No officer observed plaintiff commit a crime on September 10, 2010.

19. At no time on September 10, 2010 did plaintiff commit a crime.

20. Accordingly, defendants violated the Fourth Amendments because they arrested plaintiff without probable cause.

### SECOND CLAIM
### (UNREASONABLE FORCE)

3

21. Plaintiff repeats the foregoing allegation.

22. In the course of arresting plaintiff, the officers threw plaintiff against a wall and handcuffed plaintiff in an unreasonably tight manner.

23. This use of force was objectively unreasonable.

24. Accordingly, defendants violated the Forth Amendment because they used unreasonable force on plaintiff.

### THIRD CLAIM
### (FABRICATION OF EVIDENCE)

25. Plaintiff repeats the foregoing allegations.

26. Defendants, pursuant to a conspiracy, falsely stated to the Kings County District Attorney's Office that plaintiff had committed a crime.

27. Accordingly, defendants violated the Sixth Amendment for fabricating evidence against her and denying him a fair trial.

### FOURTH CLAIM
### (MONELL CLAIM)

28. Plaintiff repeats the foregoing allegations.

29. The City of New York, through a policy, practice and custom, directly cause the constitutional violations suffered by plaintiff.

30. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

4

       a.    Compensatory damages in an amount to be determined by a jury;

       b.    Punitive damages in an amount to be determined by a jury;

       c.    Costs, interest and attorney's fees;

       d.    Such other and further relief as the Court may deem just and proper.

DATED:    January 5, 2011  
                New York, New York

ROBERT MARINELLI  
Attorney at Law  
305 Broadway, 14th Floor  
New York, New York 10007  
(212) 822-1427

5